

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISMAEL HERNANDEZ PADILLA, 356764, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-2160-M |
| | ) | |
| RICK THALER, Director, TDCJ-CID, | ) | |
| Respondent. | ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for writ of habeas pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

**II. Background**

On May 3, 1983, Petitioner pled guilty to rape and was sentenced to twenty years in prison. *State of Texas v. Ismael Hernandez Padilla*, No. F8290756RP (203rd Dist. Ct., Dallas County, Tex., May 3, 1983). Petitioner did not appeal his conviction. He also did not file any state habeas petitions attacking his conviction, but did file state habeas petitions raising parole and time credit issues.

On June 29, 2012, Petitioner filed the instant § 2254 petition. He argues:

1. His guilty plea was coerced;

2. There was no evidence to sustain the conviction; and

3. The state courts violated his constitutional rights.

### III. Discussion

The Court must first examine whether it has jurisdiction in this case. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A federal court may consider a writ of habeas corpus only "on behalf of a person in custody . . . . in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A petitioner satisfies the "in custody" requirement when the challenged conviction has not fully expired at the time he files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). A petitioner is not "in custody" for a particular conviction when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." *Id.*

In this case, Petitioner is not in custody on his 1983 rape conviction. His twenty-year sentence was discharged on August 31, 2003. (Resp. App. A.) As a result, he cannot bring a federal habeas action based solely on his 1983 conviction.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**     Page -2-

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice for lack of jurisdiction.

Signed this ___ day of _____, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).